IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON CAINE, | : | CIVIL NO. 1:16-CV-2153 |
| | : | |
| Plaintiff, | : | (Chief Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| | : | |
| ELLEN KOLMAN, et al., | : | |
| | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATION

## I. Statement of Facts and of the Case

On October 25, 2016, the plaintiff, acting *pro se*, filed this federal civil rights action. (Doc. 1.) Caine's complaint was a spare, five-page, pleading which identified several postal service officials as defendants, then alleged without any further factual elaboration the terms "retaliation, civil rights, harassment" and a list of dates. (Id.) Caine's cryptic complaint then concluded with a demand for $300,000 in punitive damages and an additional $100,000 in "exemplary damages." (Id.)

Along with this complaint, Caine filed a motion seeking leave to proceed *in forma pauperis*. (Doc. 2.) We granted Caine leave to proceed *in forma pauperis*, but as part of our legally-mandated screening review we found that the plaintiff had failed to state a claim upon which relief may be granted. Therefore, we recommended that

the Court dismiss the complaint for failure to state a claim upon which relief can be granted, but that the dismissal of this action be without prejudice to any effort by the plaintiff to timely allege facts in an amended complaint which might state a claim against this defendant upon which relief may be granted, provided that the plaintiff acts within 20 days of any dismissal order. (Doc. 6.) On November 22, 2016, the district court adopted this Report and Recommendation, and dismissed Caine's complaint, along with a proposed amended complaint tendered by Caine, (Doc. 7.), without prejudice to Caine filing a proper amended complaint within 20 days. (Doc. 8.)

Caine has not complied with this clear instruction and the deadline for compliance has now passed. On these facts, it is recommended that Caine's complaint be dismissed with prejudice and this case be closed.

**II.     Discussion**

    **A.     Caine's Complaint Should Now Be Dismissed With Prejudice**

While our initial screening analysis called for dismissal of this action, the Court provided Caine a final opportunity to further litigate this matter by endeavoring to promptly file a proper amended complaint. Having concluded that this *pro se* complaint was flawed in multiple and profound ways, we followed this course recognizing that in civil rights cases *pro se* plaintiffs often should be afforded an

opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

Thus, in this case, Caine was given this opportunity to further amend his complaint, but has now forfeited this opportunity through his inaction. In this situation, where a wholly deficient complaint is dismissed without prejudice but the *pro se* plaintiff refuses to timely amend the complaint, it is well within the Court's discretion to dismiss the complaint with prejudice given the plaintiff's refusal to comply with court directives. Indeed, the precise course was endorsed by the United States Court of Appeals for the Third Circuit in Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). In Pruden, the appellate court addressed how district judges should exercise discretion when a *pro se* plaintiff ignores instructions to amend a complaint. In terms that are equally applicable here the Court observed that:

> The district court dismissed the complaint without prejudice and allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the district court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. See In re Westinghouse Securities Litigation, 90 F.3d 696, 704 (3d Cir.1996). The district court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in

3

dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." Id. (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir.1994)).

Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007).

Therefore, consistent with the prior practice of this Court, it is recommended that the complaint now be dismissed with prejudice as frivolous without further leave to amend. See, e.g., Pratt v. Fisher, No. 1:12-CV-2364, 2013 WL 655131, at *1 (M.D. Pa. Feb. 21, 2013)(Conner, J.); Wicks v. Barkley, 3:12-CV-02203, 2013 WL 5937066 (M.D. Pa. Nov. 4, 2013)(Mariani, J.); Davis v. Superintendent, SCI Huntingdon, 3:12-CV-01935, 2013 WL 6837796 (M.D. Pa. Dec. 23, 2013)(Mariani, J.).

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed with prejudice as frivolous for failure to state a claim and this case be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set

forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 20th day of December 2016.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge